## Case No. 1,294.

BENEDICT et al. v. MAYNARD et al.

[4 McLean, 569.] [1]

Circuit Court, D. Michigan. June Term, 1849.

AGENCY—RATIFICATION.

Where notes and mortgages are received in payment of a debt, and the creditors object to the arrangement, on the ground that the agent was not authorized so to receive them; a proposal was made by the debtors to return the notes and mortgages, which the creditors refused to do, and brought suit on the mortgage, etc.; the court instructed the jury, that by refusing to return the instruments and bringing suit, they sanctioned the acts of their agent.

[See People's Bank v. Manufacturers' Nat. Bank, 101 U. S. 181; Lawrence v. New Bedford Com. Ins. Co., Case No. 8,140.]

[At law. Action by Lewis Benedict & Co. against William S. Maynard & Co. on a promissory note. Verdict for defendants.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Lockwood, for plaintiffs.
Hawkins & Emmons, for defendants.

OPINION OF THE COURT. This action is brought upon a note of hand. In 1841 defendants did business as merchants, under the firm of Wm. S. Maynard & Co.; and the plaintiffs were engaged in business under the name of Lewis Benedict & Co. The note was given by the defendants for $2,103.10, payable one day after date, for value received. Certain credits were indorsed on the note, and it was cut through in the usual mode of cancelling a note by the banks. The note was offered in evidence, but objected to until its appearance should be explained. Mr. Kingsley, a witness, stated that the note was placed in his hands for collection, and he was instructed by plaintiffs to take mortgages or notes due, or soon to become due, to secure the payment of the above note, and that on such condition a reasonable time would be given. He received certain notes on good men, and a mortgage—one of the notes the defendants promised to pay, if the promisor did not. The mortgage was not assigned until sometime in February, 1843. He did not give up the note until sometime afterward. At the same time witness said to the defendants, if in making the arrangement, it should not be satisfactory, they must make it so. The defendants proposed to give the larger of two mortgages for $1,800, the other for $1,600. The farm covered by the smaller mortgage was more valuable than the farm covered by the larger mortgage. But witness understood, when he took the mortgage, it covered the more valuable farm. The assignment of the mortgage was absolute, at Benedict's risk and costs. Defendants said that the mortgage was to be received in payment; witness replied, that he had no authority to receive it as such. Took the mortgage, and witness observed, if it was not right, defendants must make it so. When the mortgage was received, the balance of the note was paid to the plaintiffs. After the arrangement was made, the defendants proposed to the plaintiffs, if they were dissatisfied with what their attorney had done, they were requested to return the papers, and place the parties as they were. But they never offered to return the evidences of claim.

The court instructed the jury that the inquiry for them was, whether the note had been paid. The mortgage for $1,800 was assigned, and the balance was received or paid by notes. It is not clear that Kingsley, the agent of the plaintiff, was authorized to receive the mortgage and the notes, in discharge of the note on which suit is brought. There seems to have been no unequivocal understanding, that the instruments assigned should be received in payment. But, when one of the plaintiffs, afterward, had a conversation with one of the Maynards, in which he said, if you are dissatisfied with your attorney, give me back the papers, and we will stand

as we were, the papers, it seems, were not returned, nor offered to be returned. It appears after this, that suit was brought on the mortgage bond. This act confirmed the contract made with Kingsley. For it was the duty of the plaintiffs to return the papers as proposed by the defendants, if they did not assent to the terms on which they were received by their agent. The defendants insisted that they were given in discharge of the note now sued on. After this conversation, by bringing suit on the mortgage and using the notes, the plaintiffs subjected themselves to the conditions under which they were transferred to the plaintiffs. And the facts being before you, gentlemen of the jury, it will be for you to determine whether the mortgage and notes were received in payment or not. If they were so received, you will find for the defendants. Verdict for defendants.